UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE NOBLE, | ) | CV F- 05-0321 OWW DLB P |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATION |
| | ) | RECOMMENDING PLAINTIFF'S |
| J. WOODFORD, et al., | ) | MOTION FO PRELIMINARY |
| | ) | INJUNCTION BE DENIED |
| Defendants. | ) | [DOC 20, 25] |
| | ) | |

**OBJECTIONS DUE MARCH 14, 2006**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff alleges that he has been denied his constitutional rights under the First, Eighth and Fourteenth Amendments because he has been prohibited by a prison regulation enacted by defendant Woodford, from visiting with his only biological child, Chyanne.

On May 5, 2006, plaintiff filed a motion for preliminary injunction seeking visitation with his child. After two extensions of time, defendant filed an opposition to the motion on July 31, 2006. Plaintiff filed his reply on October 12, 2006.

A.  <u>Standard for Preliminary Injunction</u>

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions

until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

When a party seeks an injunction against a state agency, a strong factual showing is necessary. *Thomas v. County of Los Angeles*, 978 F.2d 504, 508 (9th Cir. 1992). When a party seeks an injunction that would require affirmative conduct, the facts and law must clearly favor the moving party before relief is warranted. *Dahl v. HEM Pharmaceuticals*, 7 F.3d 1399, 1403 (9th Cir. 1993).

This action is proceeding against defendant Woodford on plaintiff's claim that his constitutional rights under the First, Eighth and Fourteenth Amendments have been violated because he is prohibited from visiting with minors, including his only biological daughter, Chyanne N. Plaintiff seeks an order prohibiting defendant from enforcing the regulation against him to prevent visitation between him and the minor Chyanne N. Defendant opposes the motion arguing that plaintiff is unlikely to prevail on the merits.

B.  Validity of Regulation.

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S 126, 131, 123 S.Ct. 2162, 2167 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id. It is settled law that prisoners have no absolute right to unfettered visitation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Prisoners also have no right to contact visitation. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); *Casey v. Lewis*, 4 F.3d 1516, 1523 (9th Cir. 1993); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-114 (9th Cir. 1986).

Assuming plaintiff is the father of Chyanne N., thereby implicating the fundamental interest a parent has in maintaining his relationship with his child, *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001), the parent's incarceration places substantial restrictions on his rights of association, even with his family. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2001).  The court must accord substantial deference to the professional judgment of prison administrators and in doing so must evaluate the regulation under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987), considering four factors: Whether the regulation has a rational connection to a legitimate governmental interest; whether alternative means are open to the inmate to exercise the right; what impact an accommodation would have on guards, other inmates, prison resources and the safety of visitors; and whether there are alternatives to the regulation. *Overton*, 539 U.S. at 132; *Turner,* 482 U.S. at 89-91; *Hudsen* at 526.  The burden is on the inmate plaintiff to disprove the validity of the challenged regulation. *Overton*, 539 U.S. at 132.

Plaintiff argues that he has a liberty interest in maintaining his parental relationship and his family unit will be irreparably harmed by the continued refusal to allow visitation.

　　　　a.　　Connection to Legitimate Governmental Interest.

Prison regulations provide that prisoners with a history of certain specified sex offenses involving children are prohibited from visiting with minors. Cal.Code Regs tit. 15 § 3173.1.

Defendant contends the purpose of the regulation is to protect children from becoming the victims of molestation. Defendant's Opposition to Motion for Preliminary Injunction, Exhibit C, Declaration of M. Martin at ¶ 3.  Defendant represents that many visitors bring children with them who are unrelated to the inmate they are visiting and many visitors have no knowledge of the inmate's criminal history. *Id.*  Defendant points out that minor's are particularly vulnerable because they have no choice in whether or not they are brought to a prison and they have no control over whether or how they are held during a visit; and because they are under the control of the inmate and accompanying adults, they can easily be prevented from reporting any improper activities. Exhibit C at ¶7. Mr. Martin suggests that an act of molestation can take place in a moments time. *Id.*

The regulation at issue is argued to further the legitimate government interest in protecting

children from becoming victims of molestation, which is clearly a legitimate goal. *See Overton* 539 U.S. at 133, Exhibit C at 3. While plaintiff argues that the policy does not further the asserted goal because the policy does not prohibit victimized children from visiting the inmates who victimized them, plaintiff's argument does not disprove the relationship between the protection of minor visitors and a regulation that prevents those convicted of sexual crimes from enjoying visits with minors. The fact that the regulation bears a rational relation to a legitimate penological interest, suffices to withstand constitutional challenge.

        b.      Alternative Means.

Plaintiff argues that the regulation at issue operates as a total ban on visitation with his child and therefore the alternatives of correspondence and telephone calls are not sufficient. However, the Supreme Court has recognized "alternatives to visitation need not be ideal; . . . they need only be available"; letters and calls are sufficient alternatives to restricted visits as a means of maintaining a relationship. *Overton*, 539 U.S. at 135. Here, as in *Overton*, plaintiff has alternative means available of associating with his child.

        c.      Impact of Accommodation on Guards, Other Inmates, Allocation of Resources and the Safety of Visitors.

Plaintiff suggests that allowing visitation as requested would have no impact on guards, other inmates or allocation of resources as evidenced by the two visits plaintiff alleges he had with his daughter on June 18, 2005 and March 12, 2006.

Two visitations, assuming they occurred, do not demonstrate that removing the visitation restriction would not have an impact on prison staff and resources. As the *Overton* Court recognized, retooling a visitation program might cause a "reallocation of the prison system's financial resources and would impair the ability of corrections officers to protect all who are inside a prison's walls." *Overton* 539 U.S. at 135. The Court further stated, "[w]hen such consequences are present, we are "particularly deferential" to prison administrators' regulatory judgments." *Overton* 539 U.S. at 135, *citing Turner*, *supra*, at 90. Based on the safety risk involved as outlined by defendants, accommodating visitation under these circumstances would necessarily impact resources

and the ability of officers to protect those coming into the prison. Plaintiff has offered nothing but self serving argument that there would be no significant impact on prison resources resulting from the requested accommodation.

   d. <u>Alternatives to Restrictions</u>.

  Finally, the Court must consider whether the presence of "ready alternatives undermines the reasonable of the regulation." *Overton* 539 U.S. at 17. Plaintiff has not "pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a *de minimus* cost to the valid penological goal." *Overton* 539 U.S. at 136. Plaintiff suggests that there are obvious alternatives that would provide for the safety of minors and allow him to have contact visits. He suggests individual determinations by a classification committee that a prisoner warrants close supervision, coupled with special seating arrangements close to staff. Plaintiff fails to demonstrate or even explain how such alternatives would not impose more than a *de minimus* cost on the penological goal, especially in light of defendant's evidence showing that regulations prohibiting physical contact, the presence of staff to monitor visiting rooms and the presence of surveillance cameras are all insufficient to deter inmates and their visitors in engaging in lewd acts in the visiting room. Plaintiff's suggestions fail to accommodate plaintiff's rights with "so little cost to penological goals that they meet *Turner*'s high standard." As pointed out by defendant and the Court in *Overton*, the query is not whether the regulation imposes the least restrictive alternative, but whether plaintiff has identified an obvious alternative that fully accommodates the asserted right. Plaintiff has failed to meet this high standard.

C. <u>Eighth Amendment Claim</u>

  Nor has plaintiff met his burden to demonstrate a fair chance of success on the merits on his claim that the regulation is a cruel and unusual condition of confinement in violation of the Eighth Amendment. Plaintiff has failed to submit evidence that the regulation makes his confinement fall below the standards mandated by the Eighth Amendment. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment

claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

D.     Conclusion

In order to obtain an injunction mandating that defendant disregard Cal.Code Regs. Tit. 15 § 3171.1 and allow him to have contact visits with his daughter, plaintiff must demonstrate "a fair chance of success of the merits, or questions serious enough to require litigation." Arcamuzi, 819 F.2d at 935. Defendant has submitted evidence establishing that the regulation has a rational relation to a legitimate penological interest in protecting children . Plaintiff has alternative means to exercise his right to associate with his daughter. Accommodating plaintiff's request would necessarily impact prison resources and the safety of visitors and plaintiff has failed to identify an appropriate alternative. Plaintiff has also failed to demonstrate that the regulation violates the Eighth Amendment.

In conclusion, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A mandatory preliminary injunction such as that sought by plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). For the reasons set forth in this order, plaintiff has not met his burden as the moving party and his motion for a preliminary injunction must be denied.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed May 5, 2006, be denied.

1   These Findings and Recommendations will be submitted to the United States District Judge
2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before March
3   14, 2006, the parties may file written objections with the court.  The document should be captioned
4   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
5   failure to file objections within the specified time may waive the right to appeal the District Court's
6   order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8   IT IS SO ORDERED.

9   **Dated:**   **February 27, 2007**              /s/ **Dennis L. Beck**
10  3b142a                                       UNITED STATES MAGISTRATE JUDGE